Allen WILLIAMS, Jr., Plaintiff,

v.

The LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY and Penn Central
Transportation Company, Defendants.

Gayle W. CLARY, Plaintiff,

v.

The LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY and Penn Central
Transportation Company, Defendants.

Nos. 8427, 8440.

United States District Court,
S. D. Ohio, W. D.

June 24, 1975.

Otto F. Putnick, Cincinnati, Ohio,
for plaintiff Allen Williams, Jr.

Gerald J. Rapien, Cincinnati, Ohio, for
Penn Central Transportation Co.

Thomas S. Calder, and Lawrence R.
Elleman, Cincinnati, Ohio, for Louis-
ville & Nashville R.R. Co.

Otto F. Putnick, Cincinnati, Ohio, for
plaintiff Gayle W. Clary.

FINDINGS OF FACT AND CON-
CLUSIONS OF LAW

DAVID S. PORTER, District Judge:

These two actions were brought under
the Federal Employers' Liability Act, 45
U.S.C. § 51 *et seq.*, and involved per-
sonal injury claims arising out of an
accident which occurred on June 2, 1969.
Just prior to trial of the Williams case,
the two defendants reached an agree-
ment whereby it became possible to
settle plaintiffs' respective claims with-
out litigation. It was agreed that L & N
would pay certain negotiated settlements
to plaintiffs Williams and Clary, and
that the issue of whose employees plain-
tiffs were at the time of the accident
(for FELA purposes) would be tried
to the Court. It was further agreed
that if this Court were to find that
the plaintiffs were either Penn Central
employees or dual employees at the time
of the accident, Penn Central would
reimburse L & N for the settlements
advanced to plaintiffs.

The employment issue was argued
rigorously and very thoroughly by both
defendants. They presented their evi-
dence to the Court on May 6, 7, and 8,
1975. Prior to that, the issue had been
briefed extensively on both defendants'
motions for summary judgment (docs.
13, 16 and 19); and after the trial both
defendants filed post-trial briefs (docs.
39, 40) and replies (docs. 41, 42). In
addition, the defendants filed a Stipula-

tion of facts (doc. 38), a part of which incorporates by reference paragraphs 3, 4 and 5 of the affidavit of F. H. Boulton, Jr. (doc. 16).

The facts are essentially undisputed. We accept the statements in the stipulation (including the relevant portions of Mr. Boulton's affidavit) and incorporate them herein as our findings of fact. Additionally, we reassert the factual statements set out in our memorandum of decision (doc. 20) of December 6, 1973, wherein we denied the summary judgment motions of both defendants. Upon careful consideration of these facts and all the evidence, we find and/or conclude that under the "borrowed servant" doctrine, there was a master-servant relationship between the plaintiffs and Penn Central at the time of the accident, and that plaintiffs were the employees of Penn Central at that time for FELA purposes (45 U.S.C. § 51). See *Kelley v. Southern Pacific Co.*, 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed. 2d 498 (1974); *Linstead v. Chesapeake & Ohio Railway Co.*, 276 U.S. 28, 48 S.Ct. 241, 72 L.Ed. 453 (1928); *Standard Oil v. Anderson*, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480 (1909). See generally, 1 ALR2d 302.

While we think it unnecessary to elaborate in detail, we shall address ourselves briefly to certain arguments urged by Penn Central. First, it is our opinion that plaintiffs were engaged in Penn Central's work at the time of the accident. *Cf., Linstead, supra*, 276 U.S. at 34, 48 S.Ct. 241. We think it insignificant that plaintiffs were on the return trip at the time of the accident and that they were returning "light" (without freight). The return trip was clearly a necessary incident to the work done for Penn Central and was, therefore, part of Penn Central's work. Second, it is our opinion that the plaintiffs were subject to Penn Central's control or right to control at the time and place of the accident. *Cf., Kelley, supra*, 419 U.S. at 325, 95 S.Ct. 472. We base our opinion upon a number of factors, including: the fact that the plaintiffs' crew was subject to the exclusive control of Penn Central supervisory personnel while on Penn Central tracks; that Penn Central had exclusive control over the movement and location of cars at the time and place of the accident (indeed, the accident occurred at the precise place where plaintiffs had been directed to go by Penn Central supervisory personnel); that the decision of whether plaintiffs' crew should return "light" or loaded (with or without freight) was Penn Central's; that plaintiffs were subject to Penn Central's Operating Rules and Safety Rules at the time and place of the accident; and that Penn Central had a right to discipline L & N general employees engaged in transfer operations of the sort at issue here and could prevent them from engaging in further such transfer operations on Penn Central tracks. Considering all factors, we think that Penn Central had immediate supervision and control over plaintiffs at the time and place of the accident and that Penn Central exercised "authoritative direction and control" over plaintiffs at such time and place. *Standard Oil Co., supra; Shenker v. Baltimore & Ohio R. Co.*, 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963).

For the foregoing reasons, we find and/or conclude that the plaintiffs, although concededly general employees of L & N, were in the special employ of Penn Central at the time and place of the accident and were therefore injured while employed by the Penn Central. And, since the issue of negligence is not contested, Penn Central is liable in damages to the plaintiffs herein in accordance with 45 U.S.C. § 51.

The prevailing party should submit an entry finding in favor of the plaintiffs in the agreed amount against the defendant Penn Central and submit the same for inspection by counsel for Penn Central and the plaintiffs.